No. 92-007

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

YVONNE MILLER,

       Plaintiff and Appellant,

  -vs-

CITIZENS STATE BANK,

       Defendant and Respondent.

FILED

MAY -7 1992

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Julio K. Morales; Morales Law Office,
        Missoula, Montana.

    For Respondent:

        John O. Mudd; Garlington, Lohn & Robinson,
        Missoula, Montana.

Submitted on Briefs: April 2, 1992

Decided: May 7, 1992

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, Yvonne Miller, brought a wrongful discharge action against her employer, Citizens State Bank (Bank), in the Fourth Judicial District Court, Ravalli County, Montana. The court entered judgment in favor of the Bank. Ms. Miller appeals. We affirm.

The issues for review are restated as follows:

1. Did the Bank terminate Ms. Miller for good cause as required by § 39-2-904(2), MCA?

2. Did the Bank comply with § 39-2-904(3), MCA, by following the express provisions of its personnel policy when it terminated Ms. Miller?

The District Court made the following findings. Ms. Miller became a full time employee of the Bank in 1956. In 1989, Ms. Miller was involuntarily terminated from her position as operations officer. Ms. Miller had held the position of operations officer for ten years prior to her discharge. U. C. Hollingsworth, president of the Bank from 1937 through 1987, testified by deposition that plaintiff was a good and enthusiastic worker. Earle Wright, plaintiff's supervisor prior to 1987, testified that during his tenure, the Bank had no cause to terminate Ms. Miller.

In 1987, the Bank hired Samuel R. Noel, who later assumed the position of bank president. Mr. Noel implemented changes designed to facilitate demands from regulatory agencies and accommodate changes in the economic climate. The court found Ms. Miller was aware of the requirements of her position, yet she failed to

2

perform important tasks or did not complete tasks in a timely manner. The court noted that Mr. Noel was a difficult supervisor. However, it also found Ms. Miller "bucked the system" thus straining the working relationship between herself and Mr. Noel.

The District Court found that in addition to a below standard written performance appraisal, on at least three occasions Mr. Noel warned Ms. Miller of potential termination unless her job performance improved. Despite these warnings and indicators, Ms. Miller delayed completing tasks and resisted changes implemented by Mr. Noel. As a result, Ms. Miller was terminated.

The District Court found the Bank followed the express written provisions of its personnel policies in terminating Ms. Miller. It further concluded the Bank did not wrongfully discharge Ms. Miller.

Plaintiff appeals this judgment, arguing she was wrongfully terminated under § 39-2-904, MCA, which prohibits employers from discharging employees without cause and in violation of the employer's written personnel policies.

I

Did the Bank terminate Ms. Miller for good cause as required by § 39-2-904(2), MCA?

Ms. Miller contends she was wrongfully discharged because the Bank terminated her without good cause. Plaintiff encourages this Court to adopt a new standard of "good cause" based upon whether the employee satisfied the general obligations of an employee described in § 39-2-401, MCA, whether the employer followed industry standards of progressive discipline, and whether the defendant exercised bad faith.

3

In light of the statutory definition adopted by the legislature, we conclude that it is inappropriate to apply the standard advanced by Ms. Miller. Section 39-2-904, MCA, states in part: "A discharge is wrongful only if . . . (2) the discharge was not for good cause . . ." Section 39-2-903(5), MCA, defines good cause as: "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason."

Based on its extensive findings, including those that Ms. Miller failed to implement new procedures and delayed completing tasks, the District Court concluded plaintiff was terminated for failure to satisfactorily perform her job duties. Thus, it held Ms. Miller was terminated for good cause based on reasonable job-related grounds as defined by § 39-2-903(5), MCA.

Under Rule 52(a), M.R.Civ.P., the District Court's findings of fact will not be disturbed on appeal unless they are clearly erroneous. Trad Indus. Ltd. v. Brogan (1991), 246 Mont. 439, 447, 805 P.2d 54, 59. Here, Ms. Miller failed to show the lower court's findings were clearly erroneous. Accordingly, we conclude Ms. Miller's termination was based on reasonable job related grounds.

We hold the Bank terminated Ms. Miller for good cause as required by § 39-2-904(2), MCA.

II

Did the Bank comply with § 39-2-904(3), MCA by following the express provisions of its personnel policy when it terminated Ms. Miller?

Ms. Miller contends the Bank failed to provide her with a

4

formal warning; thus, she was terminated in violation of the Bank's personnel policy. Section 39-2-904(3), MCA, states in part: "A discharge is wrongful only if . . . (3) the employer violated the express provisions of its own written personnel policy." Here the District Court specifically found that Mr. Noel warned Ms. Miller that her continued substandard performance would result in dismissal. It further found that the Bank followed the express written provisions of its personnel policies when it terminated Ms. Miller.

As previously stated, the standard of review for the lower court's findings of fact, in a civil action, is whether or not the findings are clearly erroneous. Trad Indus. Ltd., 246 Mont. at 447, 805 P.2d at 59. In reviewing the record, we conclude that Ms. Miller failed to prove these findings were clearly erroneous. We hold the Bank complied with § 39-2-904(3), MCA, and followed the provisions of its personnel policy when it terminated Ms. Miller.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

5

May 7, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Julio K. Morales
MORALES LAW OFFICE
P.O. Box 9311
Missoula, MT 59807

John O. Mudd
GARLINGTON, LOHN & ROBINSON
P.O. Box 7909
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy