FILED
05/13/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 1, 2025 Session

**LESLIE K. JONES v. TENNESSEE STATE UNIVERSITY**

**Appeal from the Chancery Court for Davidson County**
**No. 22-1276-111      I'Ashea L. Myles, Chancellor**

———————————————————

**No. M2024-01008-COA-R3-CV**

———————————————————

Leslie K. Jones ("Mr. Jones"), an at-will support staff employee of Tennessee State University ("TSU"), appeals the termination of his employment. His at-will employment agreement provided for fourteen days-notice prior to termination of his employment. When he received a termination notice on March 1, 2012, Mr. Jones filed a grievance. TSU responded advising Mr. Jones that he could not grieve his termination because he was terminated under the terms of his at-will employment agreement "without cause." Following extensive delays and a declaratory judgment action in a related proceeding, TSU was ordered to afford Mr. Jones a grievance hearing pursuant to Tenn. Code Ann. § 49-8-117(a)(1). Following an evidentiary hearing, the Hearing Officer found that "[TSU] was not obligated to provide a reason for termination under the terms of the employment contract;" nevertheless, he found that good cause for his termination had been established. Therefore, the Hearing Officer ruled that his termination should be upheld. After TSU's President upheld the Hearing Officer's decision, Mr. Jones filed a petition seeking judicial review pursuant to Tennessee Code Annotated § 4-5-322. The chancellor affirmed and dismissed the petition with prejudice. Mr. Jones appeals. On appeal, TSU insists that its compliance with the notice provision of the employment agreement is the substantial and material evidence needed to uphold the Hearing Officer's ruling. We disagree. As this court explained in *Lawrence v. Rawlins*, No. M1997-00223-COA-R3-CV, 2001 WL 76266, at *3 (Tenn. Ct. App. Jan. 30, 2001), "[w]hen the General Assembly enacted Tenn. Code Ann. § 49-8-117 in 1993, it modified the employment-will-relationship between the educational institutions in the . . . State University and Community College System [which includes TSU] and their 'support staff.'" The statute requires these educational institutions to establish a grievance procedure for their support staff, which "must cover employee complaints relating to adverse employment actions[.]" Tenn. Code Ann. § 49-8-117(b)(2)(A). Finding that Mr. Jones's employment could only be terminated "for cause" or as part of "a bona fide reduction in force," neither of which was the basis of Mr. Jones's termination, we reverse the judgment of the chancery court and the Hearing Officer and remand with instructions for the Hearing Officer to, inter alia, ascertain the relief and benefits Mr. Jones is entitled to receive.

- 1 -

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

August C. Winter, Nashville, Tennessee, for the appellant, Leslie K. Jones.

Jonathan Skrmetti, Attorney General and Reporter, J. Matthew Rice, Solicitor General, Carolyn U. Smith, Deputy Attorney General and Camille Vulcano, Assistant Attorney General, for the appellee, Tennessee State University.

## OPINION

### FACTS AND PROCEDURAL HISTORY

When Mr. Jones joined the TSU Police Department as a security guard, he executed a written notice of appointment and employment contract. The agreement affirmatively stated that it was subject to the "laws of the State of Tennessee, requirements and policies of the Tennessee Board of Regents, and the requirements and policies of Tennessee State University." The agreement also stated that Mr. Jones was an at-will employee who could be terminated "without cause" upon fourteen days-notice prior to termination of his employment.

On February 27, 2012, Mr. Jones was informed by TSU Police Chief Briggance that he was going to be terminated. The official notification of his termination was set forth in a letter dated March 1, 2012, from Dexter Samuels, Ph.D., Vice President of Student Affairs. Dr. Samuels's letter states in pertinent part:

> I have been authorized to notify you that your employment at Tennessee State University will end on March 15, 2012 under the terms of your contract. This letter constitutes the fourteen day written notice of your separation from employment at TSU, effective March 1, 2012. Paragraph 4 of your employment contract with Tennessee State University provides that you may be separated from service upon fourteen days written notice.

> Please be advised that I have lost confidence in you to adequately perform the duties to which you have been assigned. You are not required to return or report to work after this notification. You will be paid through March 15, 2012, the effective date of your separation of employment. . . .

You may contact the Office of Human Resources . . . regarding payment for any unused accrued annual leave, continuation of benefits, including COBRA benefits, and separation procedures.

Shortly thereafter, Mr. Jones submitted a letter requesting a grievance hearing. Two weeks later, Mr. Jones received a letter from TSU Human Resource Director Linda Spears advising Mr. Jones that he could not grieve his termination because he was terminated under the terms of his contract, "without cause," rather than for cause.

With the assistance of counsel, Mr. Jones subsequently filed a Complaint for Declaratory Judgment[1] in Davidson County Chancery Court seeking a declaration that he was entitled to grieve his termination pursuant to Tennessee Code Annotated § 49-8-117. The statute reads in pertinent part:

(a)      (1) The board of regents, each state university board, and the University of Tennessee shall establish a grievance procedure for all support staff employees.

            (2) "Support staff" means employees who are neither faculty nor executive, administrative, or professional staff of any institution or board subject to this chapter and the University of Tennessee.

            (3) Support staff shall be given every opportunity to resolve bona fide grievances through the grievance procedure. Every reasonable effort shall be made to resolve grievances at the lowest possible step in the procedure.

.    .    .

(b) . . .
            (2) "Grievance" means a complaint about one (1) or more of the following matters:
                       (A) Demotion, suspension without pay or termination for cause[.]

Tenn. Code Ann. § 49-8-117(a)(1)-(3), (b)(2).

TSU initially opposed the petition for declaratory judgment. Then in 2019, TSU filed a Motion to Remand and Dismiss in the declaratory judgment action by which it offered to provide Mr. Jones a grievance hearing pursuant to Tennessee Code Annotated § 49-8-117. In an order entered on November 26, 2019, the chancellor found that "[TSU]

---

[1] The declaratory judgment action was commenced in April 2018.

has, in essence, acknowledged and conceded that [Mr. Jones] should have the right to grieve his termination. After which, the court notes that, [Mr. Jones] will have the right, as will TSU, to seek judicial review of whatever the decision is of TSU at the grievance hearing under T.C.A. § 4-5-322." *Leslie K. Jones v. Tennessee State University*, Davidson Chancery Case No. 18-481-I (Nov. 26, 2019).[2] Thus, the grievance was remanded, and the declaratory judgment action was dismissed.

On June 26, 2020, more than eight years after Mr. Jones's termination, TSU filed a Notice and Statement of Charges and Hearing (hereinafter the "Notice"). In pertinent part, the Notice reads:

## A. <u>Factual Allegations</u>

1. This matter arises from the University's decision to terminate the employment of Respondent, Leslie Jones, on March 15, 2012, under the terms of his employment contract. The Respondent was employed as a member of the TSU Police Department ("TSUPD").

2. Under the terms of Respondent's employment contract, the University is authorized to terminate Respondent's employment upon fourteen days' notice. **Under the fourteen day notification termination provision, the University is not required to provide a specific cause or reason for termination.**

3. **In a letter a letter dated March 1, 2012, the University, through Dr. Dexter Samuel, then the Vice President for Student Affairs at TSU, notified Respondent that his employment at TSU would end on March 15, 2012, under the fourteen day notification provision of Respondent's contract**.

4. The University's employment at TSU ended on March 15, 2012.

5. After Respondent was notified of the termination of his employment, he submitted a grievance under the University's grievance procedure, referencing his termination and seeking reinstatement to his position in the TSUPD.

6. Under the University's grievance procedure, employees may grieve actions that violate Institutional or Tennessee Board of Regents policy, violate a constitutional right, or violate a state or federal law not covered by TBR Guideline P-080.

7. In Respondent's grievance, he disagreed with the University's decision to terminate his employment. He referenced his performance as a member of

---

[2] Chancellor Patricia Moskal presided over the declaratory judgment action. *See Leslie K. Jones v. Tennessee State University*, Davidson Chancery Court Case No. 18-481-I. Chancellor I'Ashea L. Myles presided over the underlying action from which this appeal arises.

- 4 -

the [TSU Police Department] and indicated that his performance did not warrant termination.

8. In Respondent's grievance, he did not state or otherwise articulate how his termination violated institutional or Tennessee Board of Regents policy, a constitutional right, or a state or federal law not covered by TBR Guideline P-080.

## B. Charges

9. The University complied with Respondent's employment contract, TSU and TBR policy, the state and federal constitution, and state and federal law in terminating the Respondent's employment at TSU following a fourteen day termination notification.

10. **The University provided the required fourteen day notification prior to terminating Respondent's employment at TSU.**

11. **The Respondent's employment contract authorized the University to terminate the Respondent's employment without articulating a cause for Respondent's termination** or terminating Respondent's employment for cause, **as long as the University provided the required termination notification.**

12. The Respondent's grievance must be dismissed because his grievance has no merit and fails to meet the conditions for grieving his termination.

13. TSU reserves the right to amend and supplement this Notice and Statement of Charges and Hearing.[3]

Significantly, the listing of "Charges" in the Notice does not identify any conduct, misconduct, acts or omissions by Mr. Jones that constitutes good cause for his termination. Instead, the Charges are limited to TSU's purported right to terminate Mr. Jones's employment without cause upon proper notice pursuant to the employment agreement.

Mr. Jones's grievance hearing was conducted over three days - July 14, July 15, and August 3, 2021. TSU professor Michael Harris, Ph.D., served as the Hearing Officer.

Although TSU asserted in the declaratory action that Mr. Jones was entitled to a grievance hearing, TSU contended at the grievance hearing before Dr. Harris that Mr. Jones was *not* entitled to grieve his termination because he had *not* been terminated "for cause,"

---

[3] The Notice also explained that the grievance hearing would be conducted in accordance with Tennessee Board of Regents Policy 1:06:00:05 (Uniform Procedures for Cases Subject to the Tennessee Uniform Administrative Procedure Act, T.C.A. § 4-5-101 et seq.), which, by law, became Tennessee State University policy (TUAPA Policy) and that it would be heard before "Dr. Michael Harris, Hearing Officer, pursuant to TUAPA Policy." And it stated that "[t]he purpose of the hearing will be to determine whether the Respondent's grievance challenging his termination and seeking reinstatement meets the conditions for a grievance and has merit under the University's grievance standards."

but by exercise of the university's contractual right to terminate Mr. Jones's employment without cause upon fourteen days' notice as an at-will employee. As TSU explains in this appeal, this position was based on TSU's interpretation of this court's ruling in in *Lawrence v. Rawlins*, 2001 WL 76266, a termination of employment dispute in which TSU was a party.

Although TSU insists that Mr. Jones was not terminated for cause, it presented witnesses at the grievance hearing to establish that he was terminated because TSU lost confidence in his ability to properly perform his duties as a TSU police officer. Mr. Jones's attorney objected noting that TSU had insisted from the time of his termination that he was not terminated for cause. Nevertheless, his attorney cross examined TSU's witnesses to establish that they lacked personal knowledge of matters they discussed. He also presented evidence to establish that Mr. Jones had already been disciplined for or that corrective action had already been imposed for the circumstances addressed by TSU's witnesses and, he contended, that Mr. Jones could not be punished a second time for the same alleged offenses.

The Hearing Officer entered an order on February 23, 2022, upholding Mr. Jones's termination, finding that

> [TSU] is not obligated to provide a reason for termination under the terms of the employment contract that was entered into evidence. If no violations can be found, then the termination should be upheld.

> Per TSU grievance policy, an employee is to be given a 14-day notice of termination and any accumulated annual leave is to be paid out. [TSU] complied with those rules. The Human Resources Director testified that, in fact, Mr. Jones had not been terminated for cause as that type of termination would not afford the employee with any accrued leave payments or a 14-day notice of termination. Additionally, witness testimony substantiated reports that Mr. Jones had a history of performance issues, letters of reprimand and one instance of suspension from work for a one-week period. The totality of reprimands and corrective action caused Administration to lose confidence in [Mr. Jones's] ability to perform the duties of an officer of the law.

> Based upon the TUAPA standard, [TSU] has evidenced that the termination was justified, appropriate and established good cause. Mr. Jones' termination did not violate any tenets of law (State nor Federal), Institution or Governing Board policy' therefore, the act of termination should be upheld. Mr. Jones shall not be awarded damages.

After the Hearing Officer affirmed Mr. Jones's termination, Mr. Jones administratively appealed to TSU's President, Dr. Glenda Glover. President Glover upheld

the termination and affirmed the Hearing Officer's decision in a Final Order issued on July 29, 2022.

On September 26, 2022, Mr. Jones commenced this action by filing a petition for judicial review in the Davidson County Chancery Court under Tennessee Code Annotated § 4-5-322. Following a hearing, the chancellor ruled, in pertinent part: "There is substantial and material evidence in the record to support the hearing officer's finding that TSU demonstrated good cause for terminating Mr. Jones's employment, this Court must leave his findings undisturbed." More specifically, the chancellor ruled:

TSU's loss of confidence in Mr. Jones's ability to perform his job as a police officer was based on a series of occurrences. Evidence of this conduct was presented by TSU during the three-day hearing. Testimony and exhibits established multiple instances of below standard conduct including conduct warranting discipline. The proof established more than a "scintilla or glimmer" of undisputed evidence establishing that Mr. Jones's termination was related to his job performance.

Accordingly, the chancellor affirmed the decision of the Hearing Officer and dismissed Mr. Jones' petition with prejudice. This appeal followed.

**ISSUES**

Issues presented by Mr. Jones:

Whether there was substantial and material evidence in light of the entire record to support the agency's decision that Sgt. Jones was terminated for cause when

(1) the employer TSU insisted that Sgt. Jones was not terminated for cause and
(2) the evidence relied upon by the Hearing Officer was insufficient to establish good cause.

TSU presents one issue: "Whether the administrative decision of Tennessee State University rejecting Mr. Jones's grievance and upholding his termination from employment is supported by substantial and material evidence." And as TSU's counsel emphasized at oral argument:

The State's primary argument is based on these straightforward facts. These facts are that [Mr. Jones] was an at-will employee of TSU and was terminated by TSU in the full compliance with the terms of his contract. Both the hearing officer at the administrative level and the chancellor found that there was

substantial and material evidence in the record to support the finding that [Mr. Jones] was validly terminated based on his at-will status and upheld the termination.

## STANDARD OF REVIEW

Judicial review of an agency decision under the UAPA is governed by Tennessee Code Annotated § 4-5-322(h). *See Davis v. Shelby Cnty. Sheriff's Dep't*, 278 S.W.3d 256, 264 (Tenn. 2009).

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A)
>> (i) Except as provided in subdivision (h)(5)(B), unsupported by evidence that is both substantial and material in the light of the entire record;
>> (ii) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . .

Tenn. Code Ann. § 4-5-322(h). This Court applies the same standard of review as that applied by the trial court. *See Davis*, 278 S.W.3d at 264 (citing *Gluck v. Civil Serv. Comm'n*, 15 S.W.3d 486, 490 (Tenn. Ct. App. 1999)). Review is limited to the administrative record made before the agency. Tenn. Code Ann. § 4-5-322(g).

We will review the trial court's resolution of legal issues without a presumption of correctness. *Mitchell v. Kindred Healthcare Operating, Inc.*, 349 S.W.3d 492, 496 (Tenn. Ct. App. 2008) (citing *Johnson v. Johnson,* 37 S.W.3d 892, 894 (Tenn.2001).

ANALYSIS

## I.   TERMINATION WITHOUT CAUSE

From the inception of this dispute in March of 2012, when Mr. Jones's employment was terminated, TSU has insisted that Mr. Jones was not terminated for cause. Instead, TSU has repeatedly stated that Mr. Jones was terminated pursuant to his employment agreement as an at-will employee upon fourteen days' notice. TSU doubled downed on this position at oral argument, stating that Mr. Jones was terminated in full compliance with the employment agreement based on his at-will status. TSU's counsel further stated at oral argument that the substantial and material evidence needed to uphold Mr. Jones's termination is the fact Mr. Jones was terminated pursuant to the fourteen-day notice provision of the agreement. Thus, it was not required to establish a ground, such as a loss of confidence in his abilities, or good cause for his termination. And because Mr. Jones was not terminated for cause, TSU insists he is not entitled to grieve his termination. Conversely, Mr. Jones insists, inter alia, that he is entitled to grieve his termination.

The facts relevant to this issue are as follows. On March 1, 2012, Dr. Dexter Samuels, the Vice President of Student Affairs at TSU, sent Mr. Jones a letter stating, "I have been authorized to notify you that your employment at Tennessee State University will end on March 15, 2012, under the terms of your contract." Upon receiving the notice of his termination, Mr. Jones sought to grieve his termination, a request that was unequivocally denied on May 25, 2012, by TSU's Human Resources Director Linda Spears. Her letter states in pertinent part, "You were not terminated 'for cause.' You were not demoted, suspended or terminated for cause. You were terminated under the terms of your contract, which provides for 14 days notice of termination." Thus, TSU refused to afford Mr. Jones a face-to-face meeting or a grievance hearing even though Tennessee Code Annotated § 49-8-117(b)(6) provides that an aggrieved employee shall be entitled to grieve his termination within fifteen days after the grievance was filed. *See* Tenn. Code Ann. § 49-8-117(b)(6) ("The grievance procedure shall include the opportunity for a face-to-face meeting within fifteen (15) days after the grievance is filed, and within fifteen (15) days after each subsequent step in the procedure is initiated.").

Because TSU refused to afford Mr. Jones a grievance meeting or hearing, Mr. Jones filed a declaratory judgment action seeking a determination that he was entitled to grieve his termination. As noted above, upon the motion of TSU, the chancery court dismissed the case upon the understanding that TSU would afford Mr. Jones a grievance hearing pursuant to Tennessee Code Annotated § 49-8-117. *See Leslie K. Jones v. Tennessee State University*, Davidson Chancery Case No. 18-481-I (Nov. 26, 2019).

Following remand in 2020, eight years after Mr. Jones's termination, TSU filed its Notice and Statement of Charges and Hearing. Significantly, in its statement of "Charges"

it again insisted that Mr. Jones had not been terminated for cause. The Charges read in pertinent part:

> 9. **The University complied with Respondent's employment contract**, TSU and TBR policy, the state and federal constitution, and state and federal law in terminating the Respondent's employment at TSU following a fourteen day termination notification.
> 10. **The University provided the required fourteen day notification prior to terminating Respondent's employment at TSU**.
> 11. **The Respondent's employment contract authorized the University to terminate the Respondent's employment without articulating a cause for Respondent's termination** or terminating Respondent's employment for cause, **as long as the University provided the required termination notification**.

(Emphasis added).

TSU's Vice President, Dr. Dexter Samuels, who signed the termination letter dated March 1, 2012, testified at the grievance hearing. Of note, he testified repeatedly that Mr. Jones was not terminated for cause. Dr. Samuels also explained in detail the material differences and consequences that follow a termination for cause as compared to termination without cause. TSU's attorney, Lawrence Pendleton, elicited the following pertinent testimony from Dr. Samuels on direct examination:

> Lawrence Pendleton: Did you view [Mr. Jones's termination] as being at-will or a termination for cause?
>
> Dr. Samuels: At-will.
>
> .     .     .
>
> Lawrence Pendleton: When you then decided to terminate him under paragraph 4 [of the employment agreement] that provides for the 14-day notice but also then grants him his annual leave payout, and notification was it your decision that you simply just wanted to go in a different direction?
>
> Dr. Samuels: That is correct.
>
> Lawrence Pendleton: You were not seeking to terminate him [Mr. Jones] for cause?
>
> Dr. Samuels: Not for cause.

．　　　．　　　．

Lawrence Pendleton: Is it your understanding that Mr. Jones received his annual leave payout?

Dr. Samuels: That's my understanding

Lawrence Pendleton: Is it your understanding that he was paid through March 15. Is that correct?

Dr. Samuels: That is correct.

Lawrence Pendleton: Your understanding is that your letter, your termination of Mr. Jones, complied with paragraph 4 of his employment agreement, is that correct?

Dr. Samuels: That is correct.

．　　　．　　　．

Lawrence Pendleton: Okay. Your understanding in terms of a for cause, and I think you testified to this earlier, a for cause, would that person be entitled to annual leave?

Dr. Samuels: No.

Lawrence Pendleton: Would that person be entitled to a 14-day notice?

Dr. Samuels: No, it would be immediate termination.

Lawrence Pendleton: In this instance . . . your understanding is that Mr. Jones was provided 14 days' notice. Is that Correct?

Dr. Samuels: That is correct. With his benefits – return of benefits.

Lawrence Pendleton: When you mean [sic] benefits, are you referring to his annually leave payout?

Dr. Samuels: The leave.

Lawrence Pendleton: Okay. Is it your testimony that he was treated in a manner consistent with what?

- 11 -

Dr. Samuels: With our past practices, yes. In terms of 14-day leave with return of leave pay.

Lawrence Pendleton: His treatment was consistent with a not-for-cause or for cause termination?

Dr. Samuels: Not for cause.

Thus, both TSU Human Relations Director Spears and TSU Vice President Samuels confirmed, indeed insisted, that Mr. Jones was *not* terminated for cause. TSU also emphasized this fact in its brief in this appeal, which was filed more than ten years after his termination. As TSU states in its appellate brief: "TSU had denied Petitioner' request for a grievance hearing on May 25, 2012, **because he had not been terminated for cause**.[4] (emphasis added). TSU goes on to state in its appellate brief, "But again, Petitioner was serving under an at-will employment contract that allowed for this termination on 14 days' notice – **he was not terminated 'for cause**.'" (emphasis added).

Having considered the entire record before us, including without limitation the foregoing, it is abundantly clear that TSU terminated Mr. Jones pursuant to his employment agreement as an at-will employee without cause upon fourteen-days' notice.

## II. RIGHT TO GRIEVE TERMINATION

We now turn our attention to TSU's argument that Mr. Jones was not entitled to a grieve his termination because he was an at-will employee who was terminated pursuant to his employment agreement without cause.[5] TSU's contention is based on the terms of Mr. Jones's employment agreement as well as its interpretation of Tennessee Code Annotated § 49-8-117 and this court's decision in *Lawrence v. Rawlins*, 2001 WL 76266 (Tenn. Ct. App. Jan. 30, 2001). As TSU explains in its appellate brief:

[T]he Hearing Officer noted that Petitioner had received the requisite 14-day notice and that his accumulated annual leave had been paid out — both indications of an at-will termination.

In apparent support of his claim that he was actually terminated "for cause," [Mr. Jones] points to the prior litigation in this case, in which the chancery

---

[4] This statement of fact appears in footnote 2 of TSU's brief and TSU cites to the record to support this statement, citing (Vol. 4, R. 321.).

[5] Although TSU filed a motion and represented to the chancellor in the declaratory judgment action that Mr. Jones was entitled to a grievance hearing, it subsequently argued to the Hearing Officer in the grievance hearing and in this appeal that Mr. Jones is not entitled to grieve his termination because his termination did not stem from "a job-related ground." We find the contradictory positions problematic.

court dismissed [Mr. Jones'] declaratory-judgment action and remanded for a grievance hearing based on TSU having offered [Mr. Jones] a grievance hearing. But [TSU's] acquiescence to a grievance hearing was based on this Court's decision in *Lawrence v. Rawlins*, No. M1997-00223-COA-R3-CV, 2001 WL 76266 (Tenn. Ct. App. Jan. 30, 2001). There the Court held that "terminations stemm[ing] from the employee's performance of his or her duties" are "'terminations for cause' for the purpose of Tenn. Code Ann. § 49-8-117(b)(2)(A), -(B)(3)." *Lawrence*, 2001 WL 76266, at *6. "Accordingly, each employee is entitled to grieve his or her discharge, and if an employee grieves his or her discharge, the employee is entitled to a contested case hearing under the [UAPA]." *Id*.

In other words, while *Lawrence* held that § 49-8-117 "modified the [employment-at-will] relationship" between institutions of the Board of Regents and their support staff, *id*., 2001 WL 76266, at *3, it did so only to entitle a support-staff employee to a grievance hearing when their termination "stems from a job-related ground," *id*. at *5, 6. Section 49-8-117(b)(3) did not transform at-will employment contracts into contracts providing that support-staff employees may be terminated only for cause. And it does not transform TSU's at-will termination of [Mr. Jones] into a for-cause termination.

We respectfully disagree.

*Lawrence* involved a challenge to the policy of TSU and three other education institutions within the State University and Community College System to deny grievance hearings to at-will, non-tenured support staff employees such as Mr. Jones who had been terminated for poor job performance.[6] *Id*. at *1, *3. The education institutions contended that the employees' demands for grievance hearings constituted inappropriate inroads into the employment-at-will doctrine. *Id*. But as *Lawrence* explained, they did not. *Id*.

> **When the General Assembly enacted Tenn. Code Ann. § 49-8-117 in 1993, it modified the employment-will-relationship between the**

---

[6] *Lawrence v. Rawlins* involved consolidated appeals of six employees who filed separate petitions for review of the denial of a grievance hearing. *Lawrence v. Rawlins*, No. M1997-00223-COA-R3-CV, 2001 WL 76266, at *1 (Tenn. Ct. App. Jan. 30, 2001). George Lawrence, Jr. had been employed as a roofer at the University of Memphis. *Id*. at *2. Danny J. Leath worked as a stock clerk for the University of Memphis. *Id*. Joseph Perry was employed as a security officer at Tennessee State University. *Id*. at * 3. Theodore A. Black worked as a security officer at Tennessee State University. *Id*. Julana Croy was employed as a library assistant at East Tennessee State University. *Id*. Melvin N. Cason was employed as a custodian at Middle Tennessee State University. *Id*.

- 13 -

**educational institutions** in the University of Tennessee system and the State University and Community College System **and their "support staff."** **The statute requires these educational institutions to establish a grievance procedure for their support staff. The grievance procedure must cover employee complaints relating to adverse employment actions, including "termination for cause."** Tenn. Code Ann. § 49-8-117(b)(2)(A). The statute also requires that any support employee filing a grievance regarding a termination for cause "shall receive a hearing covered under the provisions of the Tennessee Uniform Administrative Procedures Act."[7]

*Lawrence v. Rawlins*, 2001 WL 76266, at *3 (internal footnotes omitted) (emphasis added). Nevertheless, the *Lawrence* parties disagreed about the scope and meaning of the term "termination for cause." *Id*.

After noting that the General Assembly did not define the phrase "termination for cause" in Tenn. Code Ann. § 47-8-117(b)(2)(A), the *Lawrence* court sought to determine its scope and meaning. *Id*. at *4. Following an analysis of relevant authorities, the court reasoned

Cause exists only where the termination is objectively reasonable. *Video Catalog Channel, Inc. v. Blackwelder,* No. 03A01-9705-CH-00155, 1997 WL 581120, at *3 (Tenn.Ct.App. Sept. 19, 1997) (No Tenn.R.App. P. 11 application filed). The types of "cause" that warrant an employee's termination include an employee's inattention to his or her duty to look after the employer's best interests or performance of an action inconsistent with the employer-employee relationship. *Nelson Trabue, Inc. v. Professional Mgmt.-Auto., Inc.,* 589 S.W.2d 661, 663 (Tenn.1979); *Smith v. Signal Mountain Golf & Country Club,* No. 03A01-9309-CV-00334, 1994 WL 85949, at *2 (Tenn.Ct.App. Mar. 9, 1994) *perm. app. denied* (Tenn.July 25, 1994); *Wyatt v. Brown,* 42 S.W. 478, 481 (Tenn.Ch.App.1897). Any action by an employee that injures or tends to injure the employer's "business, interests, or reputation will justify ... dismissal. Actual loss is not essential; it is sufficient if, from the circumstances, it appears that the [employer] has been, or is likely to be, damaged by the acts of which complaint is made." *Brewer v. Coletta,* No. 02A01-9601-CH-00005, 1996 WL 732429, at *3 (Tenn.Ct.App. Dec. 20, 1996) (No Tenn.R.App.P. 11 application filed); *Curtis v. Reeves,* 736 S.W.2d 108, 112 (Tenn.Ct. App.1987).

---

[7] In footnote 3, *Lawrence* explained that "[f]or the purpose of this statute, "support staff" refers to employees who are neither faculty nor executive, administrative, nor professional staff. Tenn. Code Ann. § 49-8-117(a)(2)." *Id*. at *3 n 3.

We have concluded that an employee has been terminated for cause if the employee's termination stems from a job-related ground. *Miller v. Citizens' State Bank,* 830 P.2d 550, 552 (Mont.1992). **A job-related ground includes any act that is inconsistent with the continued existence of the employer-employee relationship**. *Lee-Wright, Inc. v. Hall,* 840 S.W.2d 572, 580 (Tex.App.1992). Thus, an employee has been terminated for cause if the termination stems from the employee's failure to follow a supervisor's directions, *Prenger v. Moody,* 845 S.W.2d 68, 77 (Mo.Ct.App.1992), poor job performance, or failure in the execution of assigned duties. *Pepe v. Rival Co.,* 85 F.Supp.2d 349, 386 n. 14 (D.N.J.1999). In contrast, an employee who has been terminated as part of a bona fide reduction in force has not been terminated for cause because the reason for the termination is unrelated to the employee's job performance. *Caldwell v. Ford, Bacon & Davis Utah, Inc.,* 777 P.2d 483, 486 (Utah 1989).

*Lawrence*, 2001 WL 76266, at *5 (emphasis added).

After noting that each of the six terminations in *Lawrence* stemmed from the employees' performance of their duties, the court concluded that each of the terminations were "terminations for cause" for the purpose of Tenn. Code Ann. § 49-8-117(b)(2)(A),-(B)(3).[8] For these reasons, each of the *Lawrence* employees "was entitled to grieve his or her discharge, and if an employee grieves his or her discharge, the employee is entitled to a contested case hearing under the Uniform Administrative Procedures Act." *Id*. at * 6.

As TSU has repeatedly stated and as we have found, Mr. Jones's termination was "not for cause." Nevertheless, the 2012 termination notice stated that Mr. Jones was terminated because TSU "lost confidence in his ability to perform his assigned duties," which is a job-related ground. And as *Lawrence* instructs, "an employee has been terminated for cause if the employee's termination stems from a job-related ground." *Id*. at *5 (internal citations omitted). Because Mr. Jones was terminated based on a job-related ground, he is entitled to grieve his termination under Tennessee Code Annotated § 49-8-117(b)(2)(A),-(b)(3).

For completeness, we acknowledge TSU's contention that the right of an at-will employee to grieve termination is dependent on TSU declaring that the termination was "for cause." However, as TSU argues, if it terminates an at-will employee like Mr. Jones

---

[8] The citation identifies subsection "(B)(3)." We, however, believe the upper case (B) was a typographical error and the citation should have referred to lower case (b)(3), which provides: "Any complaint about demotion, suspension without pay or termination for cause shall receive a hearing covered under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3. In issues involving unlawful discrimination and harassment, the employee may choose a hearing under that act or the panel hearing." Tenn. Code Ann. § 49-8-117(b)(3).

without stating a cause, the employee has no right to grieve. If we were to agree with this novel argument, then the right of an at-will employee to grieve his termination would depend on the language TSU used in the termination notice, regardless of the actual reasons. Respectfully, this novel protocol would lead to an absurd result, which we are to avoid if possible. *See Martin v. Powers*, 505 S.W.3d 512, 518 (Tenn. 2016). As our Supreme Court has explained, we "must presume that the Legislature did not intend an absurdity and adopt, if possible, a reasonable construction which provides for a harmonious operation of the laws." *Id.* (quoting *Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997)).

When construing legislation, "we must presume that the legislature knows of the existing law when it enacts new legislation." *See Riggs v. Burson,* 941 S.W.2d 44, 54 (Tenn.1997). Thus, presuming that the Legislature was cognizant of the doctrine of at-will employment, we find that it intended for at-will employees at state colleges and universities to have the benefits afforded by Tennessee Code Annotated § 49-8-117, including the right to grieve, regardless of whether their termination was classified as "for cause" or "not for cause," provided their termination was not part of a work force reduction.[9] *See Lawrence*, 2001 WL 76266, at *6 (citing *Caldwell v. Ford, Bacon & Davis Utah, Inc.,* 777 P.2d 483, 486 (Utah 1989)). And it is undisputed that Mr. Jones's termination was not part of a bona fide reduction in TSU's workforce.

As noted earlier, the enactment of Tenn. Code Ann. § 49-8-117 in 1993 modified the employment at-will relationship between TSU and its "support staff." Thus, we conclude that Mr. Jones was entitled to grieve his termination. We also hold that TSU was required to establish good cause for terminating Mr. Jones. By relying solely on its perceived right to terminate Mr. Jones without cause pursuant to the at-will employment agreement, TSU failed to establish good cause for his termination.

Accordingly, we reverse the judgment of the chancery court and remand with instructions to vacate the ruling of the Hearing Officer and to remand the grievance to the Hearing Officer for further proceedings consistent with this opinion and to, inter alia, ascertain the relief and benefits Mr. Jones is entitled to receive.

### CONCLUSION

For the foregoing reasons, we reverse the judgment of the chancery court and remand for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellee, Tennessee State University.

---

[9] However, as *Lawrence* explained, "an employee who has been terminated as part of a bona fide reduction in force has not been terminated for cause because the reason for the termination is unrelated to the employee's job performance." *Lawrence*, 2001 WL 76266, at *6 (citing *Caldwell v. Ford, Bacon & Davis Utah, Inc.,* 777 P.2d 483, 486 (Utah 1989)).

_____

FRANK G. CLEMENT, JR., P.J., M.S